Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TEXCO, INC., a California corporation,

Plaintiff,

v.

IVY MAY, INC., a California corporation; FOUR LILIES, LLC, d/b/a Baltic Born, a Utah limited liability company; PEPPAMAYO, a Florida entity of unknown form; IN LOOM, INC., a California corporation; BOHO LUV BOUTIQUE, a New Jersey entity of unknown form; and DOES 1-10,

Defendants.

Case No.:

**COMPLAINT FOR**

1. COPYRIGHT INFRINGEMENT
2. VICARIOUS COPYRIGHT INFRINGEMENT
3. CONTRIBUTORY COPYRIGHT INFRINGEMENT

Jury Trial Demanded

Plaintiff TEXCO, INC. ("Texco") alleges as follows against Defendants IVY MAY, INC., FOUR LILIES, LLC d/b/a Baltic Born, PEPPAMAYO, IN LOOM, INC., BOHO LUV BOUTIQUE, and DOES 1 through 10:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Defendants Ivy May, Inc. and In Loom, Inc. are California corporations headquartered in Los Angeles, and each sourced, sold, and distributed infringing garments from this District. This Court therefore has general and specific personal jurisdiction over them.

3. This Court has specific personal jurisdiction over the remaining Defendants because Texco's claims arise out of their purposeful contacts with California. Texco is informed and believes and thereon alleges that each operates an interactive retail website (balticborn.com, peppamayo.com, and boholuv.com, respectively) through which it advertised and sold the infringing garments identified below to consumers in California and this District and shipped those garments into California, and that each purchased those garments from Ivy May or In Loom in Los Angeles. Peppamayo's website lists prices in U.S. dollars and advertises "fast shipping from our US warehouse."

4. Venue is proper in this District under 28 U.S.C. § 1400(a) because each Defendant resides or may be found here, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Texco's claims, including Ivy May's and In Loom's sourcing and distribution of the infringing garments, occurred here.

## PARTIES

5. Plaintiff Texco is a California corporation located in Los Angeles, California, that does business throughout the United States.

6. Texco is informed and believes and thereon alleges that Defendant IVY MAY, INC. ("Ivy May") is a California corporation with its principal place of business at 2649 Long Beach Avenue, Los Angeles, California 90058, and is a

women's apparel wholesaler that imports finished garments and sells them to retailers.

7. Texco is informed and believes and thereon alleges that Defendant IN LOOM, INC. ("In Loom") is a California corporation with its principal place of business at the same address as Ivy May, and is a women's apparel wholesaler that sells garments bearing its own IN LOOM label to retailers.

8. Texco is informed and believes and thereon alleges that Defendant FOUR LILIES, LLC, doing business as "Baltic Born" ("Baltic Born"), is a Utah limited liability company with its principal place of business at 300 S 1350 E, 4th Floor, Lehi, Utah 84003, and is a women's apparel retailer that sells dresses bearing its own BALTIC BORN label, primarily through balticborn.com.

9. Texco is informed and believes and thereon alleges that Defendant PEPPAMAYO ("Peppamayo") is a Florida business entity of unknown form that operates the retail website peppamayo.com, which identifies its business address as 819 N Florida Avenue, Lakeland, Florida 33801 and states only that the site "is operated by peppamayo."

10. Texco is informed and believes and thereon alleges that Defendant BOHO LUV BOUTIQUE ("Boho Luv") is a New Jersey business entity of unknown form with its principal place of business at 442 Lacey Road, Forked River, New Jersey 08731, which sells women's apparel through retail stores and the website boholuv.com.

11. DOES 1 through 10 are the presently unknown manufacturers, printers, converters, importers, and vendors in the chain of distribution of the Accused Products (defined below), including DOE 1, the vendor that, on information and belief, does business as "XH Textiles" and supplied the Leslie Velvet Maxi Dress to Baltic Born. Texco will seek leave to amend when their identities are ascertained.

## FACTUAL ALLEGATIONS

**A. Texco and the Subject Designs**

12. Texco is a textile company that creates original two-dimensional artwork for fabric and sells fabric bearing that artwork to apparel companies. Texco's in-house design team created, and Texco exclusively owns, the original artworks entitled Design No. P-603 ("P-603"), Design No. P-83 ("P-83"), and Design No. P-614 ("P-614") (together, the "Subject Designs").

13. P-603 and P-614 are registered with the United States Copyright Office under Registration No. VAu 1-335-462, effective August 2018, and P-83 is registered under Registration No. VA 2-140-533, effective January 2019. Each registration issued before any Defendant's infringement began. Each certificate identifies Texco as the author of the registered designs, which were created as works made for hire. The certificate for Registration No. VAu 1-335-462 identifies Sharyar Aynesazan as the copyright claimant, and shortly after that registration issued, Aynesazan assigned to Texco in writing all right, title, and interest in all designs registered therein, including P-603 and P-614. Texco completed P-83 in 2017 and first published it in February 2017. P-614 is a derivative of P-83 that carries forward P-83's original floral composition, so the garments alleged below to copy P-614 also copy P-83.

14. Since 2017 as to P-83, and since 2018 as to P-603 and P-614, Texco has extensively marketed, sampled, and sold fabric bearing the Subject Designs to numerous apparel companies, including in the Los Angeles apparel market where Ivy May and In Loom do business, and has displayed the Subject Designs in its showroom and distributed strike-offs of them. Texco has never licensed any Defendant to use the Subject Designs.

**B. Ivy May Supplied Infringing Garments to the Retail Defendants**

15. Texco is informed and believes and thereon alleges that Ivy May imported, or caused to be manufactured, finished garments bearing unauthorized

reproductions of the Subject Designs and sold them to retailers for resale to the public, including (a) the Aurora Velvet Maxi Dress (P-603), which it sold to Baltic Born, and, in the alternative to DOE 1, the Penelope Velvet Maxi Dress (P-614), which it sold to Baltic Born; (b) a velvet maxi dress bearing P-614, which it sold to Peppamayo; and (c) In Loom style ILD5923-1, a burnout velvet maxi dress bearing P-603, which it sold to In Loom in 2024 under the IN LOOM label.

16. Ivy May is identified on the garments themselves. The Aurora Dress bears Registered Identification Number ("RN") 151251, which the Federal Trade Commission has registered to Ivy May to identify the business responsible for the garment. Texco is informed and believes and thereon alleges that Ivy May's business records likewise identify it as the vendor of style ILD5923-1.

**C. The Retail and Wholesale Defendants' Infringing Sales**

17. Baltic Born displayed, offered, sold, and distributed to the public, through balticborn.com and under its own BALTIC BORN label, (a) the Penelope Velvet Maxi Dress, bearing P-614 (the "Penelope Dress"); (b) the Leslie Velvet Maxi Dress, bearing P-614 (the "Leslie Dress"); and (c) the Aurora Velvet Maxi Dress, bearing P-603 (the "Aurora Dress"), in each case in every colorway in which the garment was sold. Baltic Born purchased the Aurora Dress from Ivy May, whose Registered Identification Number appears on the garment's label, and purchased the Leslie Dress from DOE 1, which delivered it in 2023. Texco is informed and believes and thereon alleges that Baltic Born purchased the Penelope Dress from Ivy May or from DOE 1.

18. Texco is informed and believes and thereon alleges that, because these garments are sold under its own label, Baltic Born selects their styles, fabrics, and prints; directs its suppliers as to the prints to be used; has the right to approve or reject those prints and the finished garments; and has instructed its suppliers to confirm the copyright status of the prints they offer.

19. Peppamayo displayed, offered, sold, and distributed to the public,

through peppamayo.com, a velvet maxi dress bearing P-614, in every colorway in which it was sold (the "Peppamayo Dress"). As of November 2026, peppamayo.com returned the Peppamayo Dress in response to a search for "penelope," the name under which Baltic Born sells the same garment.

20. In Loom sold and distributed to retailers, under its own IN LOOM label, style ILD5923-1, a burnout velvet maxi dress bearing P-603, in every colorway in which it was sold (the "In Loom Dress"). Texco is informed and believes and thereon alleges that In Loom selected the style and print for that garment and had the right to approve or reject the print and the finished garment.

21. Boho Luv displayed, offered, sold, and distributed to the public, through boholuv.com and its retail stores, the In Loom Dress, which it listed as the "4692-Burnout Velvet Maxi Dress-PLUM" and, on information and belief, purchased from In Loom.

**D. The Accused Products Copy the Subject Designs**

22. The Penelope Dress, Leslie Dress, Aurora Dress, Peppamayo Dress, and In Loom Dress (collectively, the "Accused Products") are shown below alongside the Subject Designs. Texco's claims extend to each Accused Product in every colorway in which it was sold; one representative colorway of each is shown below.

| **Subject Design: P-603** | **Accused Products** |
|---|---|
|  | Baltic Born: Aurora Velvet Maxi Dress (Jade/Bronze Floral)<br>Detail<br><br>Baltic Born Label and Garment<br> |

| **Subject Design: P-603** | **Accused Products** |
| --- | --- |
|   | In Loom Dress (Plum), as sold by Boho Luv<br>Detail<br><br>Boho Luv Website Listing<br>  |

| **Subject Design: P-614** | **Accused Products** |
|---|---|
|  | Peppamayo Dress (Clove)<br>Detail<br><br>Full Garment<br> |

| **Subject Design: P-614** | **Accused Products** |
| --- | --- |
|  | Baltic Born: Penelope Velvet Maxi Dress (Black)<br>Detail<br><br>Baltic Born Website Listing<br> |

| **Subject Design: P-614** | **Accused Products** |
|---|---|
|  | Baltic Born: Leslie Velvet Maxi Dress (Deep Blue)<br>Detail<br><br>Baltic Born Website Listing<br> |

23. The Aurora Dress and the In Loom Dress copy P-603's original selection, coordination, and arrangement of stylized lily blossoms with pointed, flared petals; long, curling, blade-shaped leaves; and slender climbing stems

arranged in continuous vertical columns, as well as the size, spacing, orientation, and rhythm of those elements within the repeat.

24. The Penelope Dress, Leslie Dress, and Peppamayo Dress copy the original selection, coordination, and arrangement of P-614, and of P-83 from which it derives, including thin, meandering vertical stems bearing a mix of open-faced round blossoms, smaller buds, and leafy sprigs; the staggered placement of those flowers along each stem; and the dense, columnar layout and spacing of the repeat. Each Accused Product renders the copied composition as a velvet burnout, but the copied elements and their arrangement are the same.

25. The Accused Products are so strikingly similar to the Subject Designs that the similarity can be explained only by copying, and are at a minimum substantially similar. Texco is informed and believes and thereon alleges that Defendants and their suppliers had access to the Subject Designs through Texco's widespread dissemination of them, including in the Los Angeles apparel market, and access may also be inferred from that striking similarity.

**E. Pre-Suit Notice and Willfulness**

26. In August 2025, Texco notified Baltic Born in writing that the Penelope Dress infringed P-614 and demanded that it cease its sales. Texco later notified Baltic Born in writing of the Leslie Dress in January 2026 and of the Aurora Dress in June 2026. Texco attempted to resolve the dispute with Baltic Born without litigation, but those efforts were unsuccessful. In June 2026, Texco also notified In Loom and Boho Luv in writing that the In Loom Dress infringed P-603.

27. Defendants' infringement was willful or, at a minimum, in reckless disregard of Texco's rights. Each Defendant is a sophisticated participant in the apparel industry that knows fabric prints are routinely protected by copyright, yet each sold garments bearing the Subject Designs without obtaining a license or making any reasonable inquiry into whether the prints were authorized. Baltic

Born in particular recognizes the need to confirm the copyright status of the prints on its private-label garments, yet it sold three separate styles bearing Texco's designs without verifying that any of those prints was authorized.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement, 17 U.S.C. § 501, Against All Defendants)

28. Texco incorporates paragraphs 1 through 27 above. Texco sues each Defendant for its own conduct, as specified below, and does not allege that any Defendant is the agent or alter ego of another.

29. Each Subject Design is an original work of authorship that Texco's in-house designers created as a work made for hire, and each reflects Texco's creative choices in selecting, rendering, coordinating, and arranging its floral elements. P-603 is a vertical floral of stylized lily blossoms with pointed, flared petals, long, curling, blade-shaped leaves, and slender climbing stems, rendered as solid silhouettes and arranged in continuous vertical columns. P-83, and P-614, which derives from it, are vertical florals of thin, meandering stems bearing open-faced round blossoms, smaller buds, and leafy sprigs, placed at staggered heights and arranged in a dense, columnar repeat. These combinations of elements, and the specific shapes, scale, spacing, and placement Texco chose for them, are not dictated by function or taken from the public domain.

30. Texco is, and at all relevant times has been, the sole owner of all right, title, and interest in the Subject Designs, as their author and, as to P-603 and P-614, also as assignee of the registered claimant, as alleged in paragraph 13. Each Subject Design was registered with the United States Copyright Office before any Defendant's infringement commenced and before this action was filed, as required by 17 U.S.C. § 411(a). Each certificate of registration is prima facie evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c).

31. Defendants, and the manufacturers and printers from which they

obtained the Accused Products, had access to the Subject Designs. Before any of the infringement alleged here, Texco disseminated the Subject Designs widely in the apparel industry through its showroom, strike-offs, and fabric sales, and garments made from Texco's fabric bearing the Subject Designs were sold at retail, as alleged in paragraph 14. Ivy May and In Loom, which supplied every Accused Product other than the Leslie Dress, operate in the same Los Angeles apparel market in which Texco marketed and sold that fabric. Access is also shown by the striking similarity alleged below.

32. The Accused Products copy the Subject Designs. As shown in paragraph 22 and described in paragraphs 23 and 24, the artwork on each Accused Product reproduces the specific blossoms, leaves, and stems of the corresponding Subject Design, along with their shapes, relative scale, orientation, and placement and spacing within the repeat, and changes little beyond the colorway and the velvet burnout treatment. These similarities are so striking that they cannot plausibly be explained by independent creation, coincidence, or a common source in the public domain. At a minimum, the Accused Products are substantially similar to the protectable expression in the Subject Designs, both in their specific elements and in their overall look and feel.

33. Each Defendant infringed Texco's exclusive rights without authorization, as follows: (a) Ivy May reproduced, or caused to be reproduced, the Subject Designs on the Aurora Dress and In Loom Dress and, on information and belief, on the Peppamayo Dress and, in the alternative to DOE 1, the Penelope Dress, imported those garments into the United States, and distributed them to Baltic Born, Peppamayo, and In Loom (¶¶ 15–17); (b) Baltic Born reproduced, publicly displayed, distributed, and sold the Penelope Dress, Leslie Dress, and Aurora Dress (¶¶ 17–18); (c) Peppamayo reproduced, publicly displayed, distributed, and sold the Peppamayo Dress (¶ 19); (d) In Loom reproduced, or caused to be reproduced, P-603 on the In Loom Dress and distributed it to Boho

Luv and other retailers (¶ 20); (e) Boho Luv publicly displayed, distributed, and sold the In Loom Dress (¶ 21); and (f) DOES 1 through 10 printed, manufactured, imported, and distributed fabric and garments bearing the Subject Designs, including, as to DOE 1, the Leslie Dress and, in the alternative to Ivy May, the Penelope Dress (¶¶ 11, 17).

34. No Defendant had Texco's permission to reproduce, import, distribute, or display the Subject Designs.

35. As a result of each Defendant's infringement, Texco has suffered damages in an amount to be proven at trial, including lost sales of fabric bearing the Subject Designs and harm to the value of the Subject Designs, and each Defendant has obtained profits attributable to its own infringement that it would not otherwise have realized. Texco is entitled to recover its actual damages and each Defendant's profits under 17 U.S.C. § 504(b).

36. Because each Subject Design was registered before the infringement commenced, Texco may elect, at any time before final judgment, to recover statutory damages under 17 U.S.C. § 504(c) in place of actual damages and profits, including enhanced statutory damages of up to $150,000 per work against each Defendant whose infringement was willful, as alleged in paragraph 27, and may recover its attorneys' fees and costs under 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**

(Vicarious Copyright Infringement, Against Baltic Born, In Loom, and DOES 1-10)

37. Texco incorporates paragraphs 1 through 27 above.

38. Ivy May and DOE 1 directly infringed Texco's copyrights by reproducing the Subject Designs on the Aurora Dress (Ivy May), the Leslie Dress (DOE 1), and the Penelope Dress (Ivy May or DOE 1) and distributing them to Baltic Born, as alleged in paragraph 33(a) and (f). Baltic Born had the right and ability to supervise that conduct because, as alleged in paragraph 18, those

garments were made for sale under its own label with prints it selected, directed, and could reject. Baltic Born could have stopped the infringement by declining the prints, rejecting the garments, or requiring proof of authorization, but did not do so. Baltic Born received a direct financial benefit from the infringement, including its profits on those garments and avoided licensing fees, and the floral prints, the central decorative feature of each garment, drew customers.

39. The manufacturers and printers of the In Loom Dress directly infringed P-603. In Loom had the right and ability to supervise that conduct because, as alleged in paragraph 20, the garment was made under its own label with a print it selected and could reject, and In Loom did not exercise that right to stop the infringement. In Loom profited directly from selling the In Loom Dress, and its print was a draw for that sale. DOES 2 through 10, including the converters and vendors that commissioned the printing of fabric bearing the Subject Designs, likewise had the right and ability to supervise the printers that reproduced them and profited from the resulting sales.

40. As a result of this vicarious infringement, Texco has suffered damages in an amount to be proven at trial, and Baltic Born, In Loom, and DOES 1 through 10 have obtained profits attributable to it. Texco is entitled to recover the damages, profits, or statutory damages, and the fees and costs, described in paragraphs 35 and 36.

**THIRD CLAIM FOR RELIEF**

(Contributory Copyright Infringement, Against Ivy May, In Loom, and DOES 1-10)

41. Texco incorporates paragraphs 1 through 27 above.

42. Baltic Born, Peppamayo, In Loom, and Boho Luv each directly infringed Texco's copyrights through its own acts, separate from its supplier's sales to it: each publicly displayed images of the Accused Products to market them and distributed the Accused Products to the public, as alleged in paragraph

33(b) through (e).

43. Ivy May, In Loom, and DOES 1 through 10 knew or had reason to know of that infringement. Each knew it had no license or other authorization to use the Subject Designs, and each sold the Accused Products, or the fabric used to make them, for the purpose of resale to the public, so each knew its customers would display and sell infringing garments.

44. With that knowledge, (a) Ivy May materially contributed to that infringement by supplying the Aurora Dress and, in the alternative to DOE 1, the Penelope Dress to Baltic Born, the In Loom Dress to In Loom, and, on information and belief, the Peppamayo Dress to Peppamayo; (b) In Loom materially contributed by supplying the In Loom Dress to Boho Luv; and (c) DOE 1 materially contributed by supplying the Leslie Dress and, in the alternative to Ivy May, the Penelope Dress to Baltic Born, and DOES 2 through 10 by printing and supplying the fabric from which the Accused Products were made. Without that supply, the retail Defendants could not have made their infringing displays and sales.

45. As a result of this contributory infringement, Texco has suffered damages in an amount to be proven at trial, and Ivy May, In Loom, and DOES 1 through 10 have obtained profits attributable to it. Texco is entitled to recover the damages, profits, or statutory damages, and the fees and costs, described in paragraphs 35 and 36.

## PRAYER FOR RELIEF

WHEREFORE, Texco prays for judgment against Defendants as follows:

a. That each Defendant, and all persons acting in concert with it, be preliminarily and permanently enjoined under 17 U.S.C. § 502 from infringing Texco's copyrights in the Subject Designs;

b. That all infringing garments and fabric in Defendants' possession be impounded and destroyed under 17 U.S.C. § 503;

c. That Texco be awarded its actual damages and each Defendant's profits under 17 U.S.C. § 504(b) or, at Texco's election, statutory damages under 17 U.S.C. § 504(c), including enhanced damages for willful infringement;

d. That each Defendant account for all revenues and profits derived from the Accused Products, and that a constructive trust be imposed over those revenues;

e. That Texco be awarded its reasonable attorneys' fees and full costs under 17 U.S.C. § 505;

f. That Texco be awarded pre-judgment and post-judgment interest as allowed by law; and

g. That Texco be awarded such further relief as the Court deems proper.

Texco demands a jury trial on all issues so triable pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 3, 2026 By: *<u>/s/ Andres Navarro</u>*

Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff